## IN THE COURT OF COMMON PLEAS
### CIVIL DIVISION
### STARK COUNTY, OHIO

| | | |
|---|---|---|
| **MARIO C. ZACHERY** | ) | CASE NO: |
| 1005 Ohio St. | ) | |
| Alliance, OH 44601 | ) | **2024CV00236** |
| | ) | JUDGE: |
| Plaintiff, | ) | **Forchione** |
| | ) | |
| v. | ) | |
| | ) | |
| **CHRISTIAN A. TUSSEY** | ) | **COMPLAINT** |
| *Individually and in his official capacity* | ) | *with* |
| 470 E. Market St. | ) | **JURY DEMAND** |
| Alliance, OH 44601 | ) | |
| | ) | |
| *-and-* | ) | |
| | ) | |
| **ROBERT J. TOUSSANT** | ) | |
| *Individually and in his official capacity* | ) | |
| 470 E. Market St. | ) | |
| Alliance, OH 44601 | ) | |
| | ) | |
| *-and-* | ) | |
| | ) | |
| **CITY OF ALLIANCE**, *an Ohio* | ) | |
| *Municipal Corporation* | ) | |
| C/O MICHAEL DREGER | ) | |
| Director, Public Safety and Service | ) | |
| 504 E. Main St. | ) | |
| Alliance, OH 44601 | ) | |
| | ) | |
| Defendants. | ) | |

FILED

FEB 05 2024

LYNN M. TODARO
STARK COUNTY OHIO
CLERK OF COURTS

Now comes Plaintiff, MARIO C. ZACHERY (hereafter, "Plaintiff"), by and through his attorneys, Jeffrey Jakmides and Julie A. Jakmides, and hereby submits his Complaint against Defendant, CHRISTIAN A. TUSSEY, ROBERT J. TOUSSANT, and the CITY OF ALLIANCE (hereafter, "Defendants"), and in support thereof hereby states as follows:

### INTRODUCTION

EXHIBIT A

1. Plaintiff brings the foregoing complaints pursuant to state law claims for assault and battery, and violations of his Constitutional rights as proscribed pursuant to 42 USC §1983, and other illegal behavior also referred to as reckless or a conscious disregard for the rights of a US Citizen.

2. During two different instances where Plaintiff was targeted by the Alliance Police, he became the victim of violent assaults and batteries, and violations of 42 USC §1983.

3. The two instances giving rise to this Complaint occurred on February 5, 2023 (hereafter, "the Toussant Assault") and April 15, 2023 (hereafter, "the Tussey Assault"), respectively.

4. During both incidents, Plaintiff was pulled over for claimed traffic infractions and ultimately charged with criminal offenses as Defendant City of Alliance's agents attempted to justify their abuse and excessive force.

5. In both cases, the Toussant Assault, which went to a jury trial on September 28, 2023, and the Tussey Assault, which went to a jury trial on October 5, 2023, a jury of his peers acquitted Plaintiff of all criminal charges.

## PARTIES

6. Plaintiff MARIO C. ZACHERY is a resident of the City of Alliance, located in Stark County, Ohio.

7. Defendant Christian A. Tussey is, upon information and belief, a resident of Summit County, Ohio and a police officer employed on a fulltime basis by co-Defendant City of Alliance.

2

8. Defendant Robert J. Toussant is, upon information and belief, a resident of Carroll County, Ohio and a police officer employed on a fulltime basis by co-Defendant City of Alliance.

9. Defendant City of Alliance is and has been, at all times mentioned in this complaint, a duly organized municipality operating pursuant to the rules, regulations, statutes and laws of the State of Ohio and is being served through the office of its Director of Public Safety and Service, namely Michael Dreger.

10. Defendant City of Alliance maintains the City of Alliance Police Department and is responsible for the hiring, training, supervising, and disciplining of police officers on the force including Defendants Tussey and Toussant.

11. Defendant City of Alliance is responsible for the daily operations of the City of Alliance Police Department and the implementation of law enforcement policies and practices, and the supervision of law enforcement personnel while on duty.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action by virtue of the requested relief, which is in excess of $1,000,000.00.

13. Venue is proper pursuant to Ohio R. Civ. P. 3(C)(3) and (4).

## FACTUAL ALLEGATIONS

14. Plaintiff restates each paragraph as if fully rewritten herein.

15. On or about February 5, 2023, on State Street in the City of Alliance, Stark County, Ohio, Defendant Toussant used excessive and unreasonable force against Plaintiff causing him physical and emotional injuries thereby committing an assault and battery upon Plaintiff.

3

16. Despite an absence of resistance or obstruction by Plaintiff, Defendant City of Alliance by and through the City of Alliance Law Director's Office, filed a criminal complaint against Plaintiff charging him with a violation of R.C. § 2921.31(A) for Obstructing Official Business, a misdemeanor of the second degree.

17. Plaintiff was found not guilty of the criminal charge following a jury trial later that year.

18. On April 15, 2023, on Union Avenue in the City of Alliance, Defendant Tussey used excessive and unreasonable force against Plaintiff causing him physical and emotional injuries thereby committing an assault and battery upon Plaintiff.

19. Again, despite as absence of resistance or obstruction by Plaintiff, Defendant City of Alliance by and through the City of Alliance Law Director's Office, filed a criminal complaint against Plaintiff charging him with violations of R.C. § 2921.331(B) for Failure to Comply with Order or Signal of a Police Officer, a misdemeanor of the first degree, R.C. § 2921.31(A) for Obstructing Official Business, a misdemeanor of the second degree, and R.C. § 2921.33(A) for Resisting Arrest.

20. Defendant City of Alliance dismissed the Resisting Arrest charge prior to a jury trial. Following the jury trial on the remaining charges, Plaintiff was again found not guilty of all remaining criminal charges.

## COUNT ONE:
### ASSAULT & BATTERY
*As to Defendants Robert J. Toussant and City of Alliance*

21. Plaintiff restates each preceding paragraph as if fully rewritten herein.

22. On February 5, 2023, Defendant Robert J. Toussant responded to a traffic stop being affected on Plaintiff by a fellow officer of the City of Alliance Police Department,

4

Patrolman Anthony J. Higgins.

23. Officer Higgins made initial contact with Plaintiff and a front-seat passenger, retreated to his cruiser to verify Plaintiff's license status, then returned to Plaintiff's vehicle, claiming for the first time at this point to be able to smell an odor of burnt marijuana coming from the vehicle, thus requiring Plaintiff and his passenger to exit the vehicle for a probable cause search.

24. Plaintiff, reluctant based on the disputed nature of the stop for failure to properly use a turn signal, was in an already heightened state and disputed Officer Higgins could be *suddenly* smelling an odor of burnt marijuana.

25. Plaintiff was slow to comply with Officer Higgins demand to exit the vehicle but was in fact adhering to this command.

26. Defendant Robert J. Toussant responded to the location of the traffic stop as a back-up or cover officer at some point during the time where Officer Higgins was commanding Plaintiff to step out of his vehicle.

27. Without any cause to do so, and out of spite and ill will toward Plaintiff, Defendant Toussant drove his Taser into Plaintiff's side or abdomen after he had already stepped out of the vehicle and been forced against the side of his car by multiple officers of Defendant City of Alliance's Police Department.

28. Defendant Toussant's conduct constitutes an assault and battery in that he intentionally caused harmful or offensive contact with Plaintiff without his consent, including driving a Taser into Plaintiff's side or abdomen in an inappropriate and excessively harmful manner.

29. Defendant Toussant's use of excessive force was without cause, in particular based on

5

the fact he was a back-up officer and had little awareness of the situation that was unfolding, Plaintiff was already being restrained and man-handled by at least three (3) other officers, his hands held behind his back, and he was being held up against the side of his vehicle and absolutely no threat to officer safety at the time Defendant Toussant gratuitously deployed his Taser.

30. Defendant Toussant acted unreasonable, maliciously, and without legal justification or privilege to use force.

31. As a direct result of Defendant Toussant's actions, Plaintiff Mario C. Zachery has sustained physical and emotional injuries, suffered shame and disgrace, incurred legal fees to fight the baseless criminal charges brought to justify the Tussey Assault, and actual damages in excess of $25,000, plus interest, consequential damages, attorneys' fees and costs continuing to this day.

32. Defendant Toussant acted willfully or with reckless disregard to Plaintiff's safety, thereby entitling him to punitive damages to deter future misconduct by Defendants and others with governmental power who are similarly situated.

**COUNT TWO:**
ASSAULT & BATTERY
*As to Defendants Christian A. Tussey and City of Alliance*

33. Plaintiff restates each preceding paragraph as if fully rewritten herein.

34. On April 15, 2023, Defendant Christian A. Tussey conducted a traffic stop on Plaintiff who was travelling at the time on Main Street in the City of Alliance, Stark County, Ohio.

35. At the time of the traffic stop, which occurred in the late evening hours of April 15, 2023, Main Street was very dark and sparsely inhabited.

6

36. Defendant Tussey initiated the traffic stop with his overhead red and blue lights heading west-bound just beyond the intersection of Main Street and Arch Avenue. Out of fear of the conduct of the City of Alliance's Police Department and their officers in a dark and unpopulated area, Plaintiff continued driving, at or below the speed limit and using appropriate turn signals, less than two-tenths of one mile to the Marathon Gas Station located at the northwest corner of Main Street and Union Avenue in the City of Alliance.

37. From the moment Plaintiff stopped his vehicle, Defendant Tussey began shouting conflicting and confusing commands.

38. First, Defendant Tussey told Plaintiff to "turn off the car!" then said, "put your hands out the window now!" He continued repeating his commands to both turn off the vehicle and for Plaintiff to put his hands out the window. These are quite obviously conflicting commands given that the window could not be lowered with the vehicle turned off.

39. Within 20 seconds of Defendant Tussey's first command, and despite the confusing nature of the commands, Plaintiff had turned off his vehicle and placed his hands out the driver side window in full view of Defendant Tussey.

40. In an absolute circus of a law enforcement display, Defendant Tussey and a back-up or cover officer, (Patrolman Ethan Griffith, who is now at Defendant Tussey's side), bumble through ordering Plaintiff out of his vehicle -all the while with a weapon only inches from and pointed at Plaintiff's face, *and* his hands restrained.

41. Once Defendant Tussey and Patrolman Griffith sort out how to unlock and open the door, and then unbuckle Plaintiff's seatbelt, they remove him from the vehicle.

42. While continuing to restrain him, and with a third officer now also present, Defendant City of Alliance's officers yell and order and drag Plaintiff to the ground.

43. While being restrained by Patrolman Griffith and complying with the continuous stream of conflicting orders to "get out" and "get down" and "on [his] side" and "on [his] belly" and "on [his] stomach", Defendant Tussey deploys the Oleoresin Capsicum (also known as OC or Pepper Spray), he has been pointing at Plaintiff's face almost from the moment he approached the vehicle.

44. Without any cause to do so, and out of spite and ill will toward Plaintiff, Defendant Tussey deployed the OC spray directly into Plaintiff's eyes and mouth after he had already been forcibly removed from the vehicle, restrained by multiple officers, and stretched out on the pavement.

45. Defendant Tussey's conduct constitutes a battery in that he intentionally caused harmful or offensive contact with Plaintiff without his consent, including shooting a serum derived from the resin of chili peppers into Plaintiff's eyes and mouth, in an inappropriate and excessively harmful manner.

46. Defendant Tussey's use of excessive force was without cause, based on the fact he had multiple back-up officers, Plaintiff was already being restrained and man-handled by at least two (2) of those back-up officers, and he was absolutely no threat to officer safety at the time the OC spray was deployed.

47. Defendant Tussey acted unreasonably, maliciously, and without legal justification or privilege to use force.

48. As a direct result of Defendant Tussey's actions, Plaintiff Mario C. Zachery has sustained physical and emotional injuries, suffered shame and disgrace, incurred legal

8

fees to fight the baseless criminal charges brought in an attempt to justify the Tussey Assault, and actual damages in excess of $25,000, plus interest, consequential damages, attorneys' fees and costs continuing to this day.

49. Defendant Tussey acted willfully or with reckless disregard to Plaintiff's safety, thereby entitling him to punitive damages to deter future misconduct by Defendants and others with governmental power who are similarly situated.

## COUNT THREE:
*42 USC §1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS*
*As to Defendants City of Alliance and Robert J. Toussant*

50. Plaintiff restates each preceding paragraph as if fully rewritten herein.

51. The actions of Defendant City of Alliance's employee Defendant Toussant were a violation of Plaintiff's rights pursuant to 42 U.S.C. § 1983, and the Ohio Constitution to be free from excessive force and to be treated equally and without racial bias.

52. At all times material hereto, Defendant City of Alliance had prior knowledge of Defendant Toussant having a propensity while on duty to use excessive force.

53. Pursuant to 42 U.S.C. § 1983, Defendant City of Alliance is liable to Plaintiff for their failure to properly train and supervise Defendant Toussant. Further, Defendant City of Alliance failed to act where they knew their inadequate training and supervision was likely to result in a violation of Plaintiff's constitutional rights.

54. Defendant City of Alliance has been deliberately and/or recklessly indifferent to Plaintiff's constitutional rights by ratifying Defendant Toussant's prior unconstitutional acts against private citizens, and by failing to meaningfully investigate and punish allegations of such unconstitutional conduct, and by failing to take precautions to prevent future unconstitutional conduct such as what befell Plaintiff in

9

this case.

55. At all times, Defendants acted under color of state law.

56. Defendants' actions and/or omissions directly and proximately resulted in a denial of
Plaintiff's civil rights and caused him physical and emotional injury.

**COUNT FOUR:**
*42 USC §1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS*
*As to Defendants City of Alliance and Christian A. Tussey*

57. Plaintiff restates each preceding paragraph as if fully rewritten herein.

58. The actions of Defendant City of Alliance's employee Defendant Tussey were a
violation of Plaintiff's rights pursuant to 42 U.S.C. § 1983, and the Ohio Constitution
to be free from excessive force and to be treated equally and without racial bias.

59. At all times material hereto, Defendant City of Alliance had prior knowledge of
Defendant Tussey having a propensity while on duty to use excessive force.

60. Pursuant to 42 U.S.C. § 1983, Defendant City of Alliance is liable to Plaintiff for their
failure to properly train and supervise Defendant Tussey. Further, Defendant City of
Alliance failed to act where they knew their inadequate training and supervision was
likely to result in a violation of Plaintiff's constitutional rights.

61. Defendant City of Alliance has been deliberately and/or recklessly indifferent to
Plaintiff's constitutional rights by ratifying Defendant Tussey's prior unconstitutional
acts against private citizens, and by failing to meaningfully investigate and punish
allegations of such unconstitutional conduct, and by failing to take precautions to
prevent future unconstitutional conduct such as what befell Plaintiff in this case.

62. At all times, Defendants acted under color of state law.

63. Defendants' actions and/or omissions directly and proximately resulted in a denial of

10

Plaintiff's civil rights and caused him physical and emotional injury.

## **PRAYER FOR RELIEF**

*WHEREFORE,* Plaintiff seeks judgment against Defendant Christian A. Tussey, Robert

J. Toussant, and the City of Alliance, *jointly and severally*, for:

1. Economic damages;

2. Non-economic damages;

3. Punitive damages;

4. Pre-judgment interest;

5. Post-judgment interest;

6. Reasonable attorney's fees and cost of suit as permitted by statute;

7. Costs incurred herein; and

8. Such other and further relief as justice may require.

Respectfully submitted,

JULIE A. JAKMIDES, 0099236
JEFFREY JAKMIDES, 0007672
Attorneys for Plaintiff
325 E. Main Street
Alliance, Ohio 44601
(330) 823-9757

## **TO THE CLERK OF COURTS:**

Please serve copies of the foregoing Complaint upon the Defendants at the addresses listed in the case caption, via Certified Mail, returnable according to law.

JULIE A. JAKMIDES (0099236)
Attorney for Plaintiff

11